CAUSE NO. 905464

GERALD J. DURDEN
Applicant

V.

THE STATE OF TEXAS

14-15-00579-CR

IN THE 248th DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
AUG 05 2015
CHRISTOPHER A. PRINE
CLERK

## MOTION REQUESTING FORENSIC DNA TESTING AND THE APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Gerald J. Durden, Applicant, pro-se, in the above styled and numbered cause and moves the court pursuant to Chapter 64 of the Tex. Code Crim. Proc. and in particular art's. 64.01; 64.02 and 64.03 and all subsection therein that apply and will show as follows:

### I

Applicant is requesting DNA testing of the hair evidence that was secured in relation to his case but was not previously subjected to DNA testing.

### II

Applicant requests the appointment of counsel pursuant to art. 64.01(c). The request for counsel is not for the purpose of preparing a motion, but to assist him during a proceeding under this chapter and in support will show:

(1) he is indigent. The court records satisfies this requirement

(2) he is currently incarcerated within the TDCJ-ID, and

(3) he has no constitutional right to be present at a post-conviction DNA hearing.

### III

Applicant moves the court pursuant to art. 64.02 [Shannon v. State, 116 S.W. 3d 52 (Tex. Crim. App. 2003)]. Since this motion is accompanied by his sworn affidavit art. 64.01(a-1) the convicting court is required to make inquiry of

1

State concering the existence of qualifying materials for testing as well as accounting of such evidence. The State is to deliver the evidence referred to or explain in writing why they cannot do so art. 64.02(2) Tex. Crim. Proc.

To assist the court Applicant has attached Exhibit #1 an "Evidence Records Affidavit" of Cynthia Young a "property and/or evidence records custodian" for the HCME which states that the HCME is in custody of the hairs.

## IV

In 2008 the trial court denied Applicant post-conviction DNA test motion by simply writing "Denied — Already done in 2002" on the motion.

Applicant appealed to the Fourteenth Court of Appeals. Durden v. State, NO.14-09-00120-CR. Although they affirmed, the appeals court first concluded that there is no evidence to support the trial court's finding that the hairs previously were subjected to DNA testing. (see pg. 4)

As before to establish that the hairs were not previously subjected to DNA testing Applicant has attached as Exhibits #2 and #3 the Identigene report and form which do not include the hairs among the samples that were tested. Unlike before there is newly discovered evidence which suggests the same findings as the Appeals Court. The new evidence relied upon is found in the affidavit of Harry J. Bonnell, M.D. (see Exhibit #4 at the fifth bullet from the top of pg 2 of 3)

## V

To establish that identity is an issue Applicant contends he was not identified as the definite source of any of the States DNA evidence and

2.

that based on the facts (1) the complainant had no pubic hairs (R.R. Vol. 4 pg 46) and (2) the hairs were collected from the complainant's panties (R.R. vol.4 pg. 103) the hairs could only come from someone other than the complainant thus DNA testing is required of the hairs to prove identity.

## VI

To establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing of the hair's Applicant argues as follows:

In all of the State's post-conviction proceeding arguement's the State has purposely misstated as fact that semen was found on the complainant's panties. The State using this false statement has, contaminated the record of the Fourteenth Court of Appeals and that Court has continued to rely on this fabrication as FACT (see Durden v. State, No. 14-02-00318-CR, 2003 and NO. 14-09-00120-CR).

Because the truth about the State's DNA evidence and the exculpatory results obtained through DNA testing lies in the original trial's reporter's record's, which will be referred to as (R.R. vol. 1-7 pg ) herein, Applicant respectfully request that the convicting court take judicial notice of the evidence presented in the original trial [Jacobs v. State, 115 s.w. 3d 108, 112 (Tex. App.-Texarkana 2003)].

The following is the trial testimony pretaining to the alleged semen finding and the evidence item it was recovered from.

(1) Semen was only found on the external genital swab (R.R. Vol. 4 pg 105-106)

(2) The DNA test results of the external genital swab showed only

3

the DNA of the complainant (R.R. vol. 4 pg. 119) (see also Exhibit # at bullet 1 from the top of pg. 2 of 3).

Due to the nature of the offense and the allegation's made by the complainant, that Applicant ejaculated on her (R.R. vol. 3 pg. 16) Applicant contends based on the exculpatory DNA test results of this particular item of evidence it has been proven he is innocent of this crime.

Nevertheless, the State in its zeal to maintain Applicant's illegal conviction has continued to rely on the biological material found in the complainant's panties, which the State has misstaking argued is semen.

Applicant argues that first of all the complainant stated she was not wearing panties during the alleged assault and that Applicant wiped her with a towel after he ejaculated on her (R.R. vol. 3 pgs 17, 18) Exculpatory DNA test results obtained concerning external genital swab proves no semen was actually recovered on the body of the complainant therefore the material found on the panty cuttings cannot be semen.

Furthermore, it doesn't matter what the material is found on the panty cuttings Applicant contends there were not the required matches at 13 loci to identify him as the definite source (R.R. vol. 4 pg. 105)(see also Exhibit #4 at the second bullet from the top of pg 2 of 3). Applicant further contends that based on newly discovered evidence, found in (Exhibit #4 at the third bullet from the top of pg. 2 of 3), the State is suppressing the exculpatory DNA test results of the panty cuttings

4.

necessary to prove that none of the loci matched thus he was not identified.

There is also hair evidence that can be use for identification.

Applicant contends that the complainant did not accuse anyone other then him as the person that sexually assulted her. She did not discribe the presence of a third party. She had no sexual history and the trial facts are (1) the complainant had no pubic hairs (R.R.vol.4 pg 46) and (2) the hairs were collected from the complainant's panties (R.R.vol.4 pg 103) Based on these facts the hairs could only have come from someone other than the complainant. The interest of justice requires this court to order DNA testing to prove the identity of the person the hairs belong to.

If the court believe's in the reliability and accuracy of the DNA test results of the external genital swab it should give greater weight to the important facts proven that exculpatory results were obtained. Applicant contends the only reason he was convicted is because the basic facts of the significance of the DNA test result for this particular item of evidence was not explained in layman's terms so that the jury could understand them and although the prosecutor knew the DNA test results ment that no semen was found on the external genital swab (R.R.vol.4 pg 114) he still argued in his closing statement, the last statement the jurors heard before deliberating, that "semen was found right where the complainant said it would be" (R.R.vol.4 pg 142)

The bottom line is that the DNA test results of all of the State's evidence, the exteral genital swab and the material found on the panty cuttings, has

5.

proven that Applicant is not the source of any of the DNA found on or in this evidence, which tends to prove he is actually innocent of the alleged offense.

It is by a preponderance of this evidence that there is a reasonable possibility 51% or greater that Applicant would not have been convicted if exculpatory results of DNA testing of the hairs had been obtained. Furthermore the interest of justice requires the DNA testing of the hairs and all other evidence containing biological material which the state has suppressed in this case.

Applicant asserts "I am confident that DNA testing of the hairs will only add to the already overwhelming evidence of my innocence".

## VII

The request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

After jury trial, Applicant was convicted and sentenced to confinement for 58 year agg.

The underlying case is not a capital conviction.

The affidavit and exhibits attached hereto and made part hereof.

**WHEREFORE PREMISED CONSIDERED**, Applicant prays the court grants this motion and any/all other relief he is entitled to.

Respectfully submitted,

Gerald J. Durden #1121671
Applicant pro se

# AFFIDAVIT

My name is Gerald Jerod Durden, TDCJ-ID No. 1121671. I am over 18 yrs. old and capable of making this affidavit.

(A) There exist two (2) hairs found on the victims panties which do not belong to the victim and have not previously been subjected to DNA testing.

(B) The failure to conduct DNA testing of the hairs is in no way attributable to Applicant because the pretrial order signed on April 3, 2002 authorizes independent DNA testing of the hairs.

(C) Applicant moves the convicting court pursuant to art. 64.02 of the Tex. Crim. Proc. Once moved the court is required to make an inquiry of the State in which the State is required to deliver the evidence along with a description of the condition of the evidence. It is from this required inquiry that the court will establish (1) the evidence exists in a condition making DNA testing possible; (2) the evidence has been subjected to a sufficient chain of custody to establish its integrity. [Shannon v. State, 116 s.w.3d 52 (Tex. Crim. App. 2003)]

(D) Identity is an issue in this case because the person that the hairs actually belong to has yet to be identified.

(E) It is by a preponderance of the evidence that I would not have been convicted if exculpatory results of the hairs had been obtained through DNA testing.

(F) The request for DNA testing is not made to delay the execution of his sentence or interfere with the administration of justice.

## UNSWORN DECLARTION

I Gerald J. Durden, TDCJ-ID No. 1121671, do hereby swear and declare under penalty of perjury that the forgoing affidavit is true and correct.

SIGNED on this the 5th day of May 2015.

Gerald J. Durden #1121671
Applicant pro se

EXHIBIT # 1

EXHIBIT # 1

EXHIBIT #1

## "EVIDENCE RECORDS AFFIDAVIT"
Gerald Durden, Cause #905464:

STATE OF TEXAS )(

COUNTY OF HARRIS )(

My name is _Cynthia Young_

I am employed as the property and/or evidence records custodian for the Harris County Medical Examiner's Office. My address and telephone number are 1885 O.S.T., Houston, Texas, 713-796-9292. In my capacity as property and/or evidence records custodian I have care and custody of those records for the Harris County Medical Examiner's Office and I certify that the following reflects the status of property and/or evidence related to: offense report #: 0107240042, Cause #905464 and/or Lab #: CL01-0270D.

Offense date – on or about: July 23, 2001

(please select and complete the proper category)

(A) _____ According to the records of (list your agency) _____

on _____ the following evidence in offense report # _____

was destroyed (list date also) _____

_____

_____

(B) _____ The records of the (list your agency) _____

do not reflect that property and/or evidence from offense report # _____

is in the Possession of the ( list your agency) _____

(continued on page 2)

Pg. 9

(C) ___✓___ According to the records of the (list your agency) __HCME__

the following property and/or evidence from offense report # __CL01-0270__

is in the custody of the (list your agency) __HCME__

Complainant blood staincard
Suspect blood staincard
Debris collection envelope
Hair collected from #5
(2) Spent samples
(13) DNA Extracts
(2) #5B Panties cutting
#5A Panties cutting

"I have completed and read the above affidavit and have found it to be true and correct to the best of my knowledge."

SIGNED: _Cynthia Young_

SUBSCRIBED AND SWORN TO before me the un~~~~~~~~~~~~~~~~~ day of
__December__ , 20 __04__

NOTARY PUBLIC FOR HARRIS COUNTY



EXHIBIT #2

EXHIBIT #2

?..: .....
?.. .. ..:
Houston, TX ....

June 4, 2002

FORENSIC REPORT: *IDENTIGENE* Case No. 40950

Ruth Yvonne Burton
929 Preston, Suite 200
Houston, TX 77002
Phone: (713)-224-1480
Fax: (713) 224-2889
In Reference To: Gerald Durden

RE: FORENSIC EVIDENCE

Ms. Burton:

Tabulated herein are the test results on the samples listed below.

| Item Number | Description | Submission |
|---|---|---|
| 97688 | Genital Swab | Picked up from Harris County Medical Examiners Office on April 19, 2002 |
| 97689 | Cutting from Panties | Picked up from Harris County Medical Examiners Office on April 19, 2002 |
| 97687 | Blood Stain Card Labeled 'Laquvea Shored Durden' | Picked up from Harris County Medical Examiners Office on April 19, 2002 |
| 97328 | Buccal Swab Labeled 'Gerald Durden' | Collected by Tonya Holmes on April 12, 2002 |

The genital swab and panty samples (Item 97688 and 97689) were subjected to a differential DNA extraction protocol to isolate sperm cell DNA and epithelial cell DNA. The reference sample represented as being from Gerald Durden (Item 97328) was extracted using a Chelex extraction method. The reference sample represented as being from Laquvea Shored Durden (Item 97687) was extracted using an organic extraction method. These items were PCR amplified using the *Profiler Plus*™ and *COfiler*™ STR kits (Applied Biosystems), and detected on an ABI 377 automated DNA sequencer. The results of these tests are reported in *Profiler Plus* Results - Table 1, and *COfiler* Results – Table 2, attached.

Case No. 40950


MAY 16 2015
USPS

EXHIBIT #3

DNA Forensic Order Form



**CLIENT INFORMATION**

Name/Agency: Ruth Yvonne Bolton

Contact Person: _____ Phone: (713) 224-1480

Email: YvonneBoltonLaw @ AOL. COM Fax: (713) 224-2889

Street Address: 929 Preston, Ste. 300

City, State, Zip: Houston, TX 77002

**CASE INFORMATION**

IDG #: 40950, 41109, 41110, 4111, 4111a Client Reference #: _____

Suspect: Gerald Durden      Victim: L. Durden

**ORDER INFORMATION**

Please enter the quantity of each item submitted in the space provided, and calculate the total Cost and Grand Total in the right hand column. Once our Forensic Lab Director has reviewed your submission, we may recommend additional testing. If so, we will contact you.

| Service | Description/Comments | Quantity | Cost/Sample (each cutting) | Total Cost (Quantity x Cost) |
|---|---|---|---|---|
| Nuclear DNA Testing | Reference sample* | 3 | $600 | 1800 |
| | Non-standard sample* | 2 | $600 | 1200 |
| | Bone/Tooth sample* | | $1200 | |
| Mitochondrial DNA Testing | Reference sample* | | $1500 | |
| | Non-standard or Bone sample* | | $3000 | |
| Evidence Screening | Any piece of evidence | | $150 | |
| Semen Detection | Any piece of evidence | | $250 | |
| | Additional piece of evidence (submitted with original) | | $100 | |
| Blood Detection | Any piece of evidence | | $200 | |
| Infidelity DNA Test | Any item. A positive semen, blood, or evidence screening must precede this test | | $600 | |
| | Reference sample (each buccal swab) | | $200 | |
| Consultation | Case review, expert consultation | | $300 per hour | |
| **Add-On Services** (Must be *added* to a service listed above) | | | | |
| STAT (next business day) | Only available for semen & blood detection, and evidence screening | | $1000 | |
| STAT (3 business days) | Only available for semen & blood detection, and evidence screening | | $275 | |
| DNA Banking (5 years) | Available for any sample | | $150 | |
| **GRAND TOTAL** | Sum of "Total Cost" column | | | $3000.00 |

* See IDENTIGENE's "Sample Preference" list for success rates for each type of sample listed.

Special Instructions for Sample Handling: Buccal swab from G. Durden. Bloodspot cards from G. Durden & Victim, external genital swab from victim, panties from victim

7400 Fannin, Suite 1250   Houston, TX 77054   800.DNA.TYPE   713.798.9515 (FAX)

Exhibit #3

: 00049


WILLOW PLACE
HOUSTON TX 77070
USPS
MAY 16 2015

EXHIBIT #4

Exhibit #4

State of Texas,

vs.

Gerald J. Durden

Defendant.

## AFFIDAVIT OF HARRY J. BONNELL, M.D.

I, Harry J. Bonnell, M.D., declare as follows:

1. I am a medical doctor, currently employed as a Forensic Pathologist licensed to practice Medicine in the State of California. A true and correct copy of my curriculum vitae is attached as Exhibit A.

2. I attended Georgetown University Medical School in Washington, D.C., and graduated from that program in 1979. I have taught at the University of Washington, Madigan Army Medical Center, King County Corrections Center, Uniformed Services University of Health Sciences, University of Cincinnati College of Medicine, and the School of Medicine of the University of California, San Diego.

3. From 1999-2001, I was Chief Deputy Medical Examiner for the Officer of the Medical Examiner in San Diego, California. I have also been Chief Deputy Coroner and Director of Forensic Pathology of Hamilton County, Ohio, Staff Pathologist in the Forensic Sciences Department at the Armed Forces Institute of Pathology, and Assistant Medical Examiner of King County, Washington.

4. I have personally performed over 7000 autopsies and provided sworn testimony more than 585 times.

5. In preparing this affidavit, I have reviewed your appeals records, DNA records and a complete trial transcript

6. Had I been consulted by defense counsel, I would have advised the following and been willing to testify to same at trial; I am still willing to provide testimony in this matter.

- DNA analysis of material on a swab used to obtain a sample from the external genitalia of Laquvea Durden showed only DNA from Ms. Durden
- DNA analysis of fabric from her panties found DNA consistent with coming from Gerald Durden but inconsistent with identifying him as the definite source, i.e. there were not the required matches at 13 loci In fact, we do not know how many loci matched, if any (See next bullet).
- Page 3 of the report issued 3/28/02 by the Harris County Medical Examiner's labs, their file number 0107240042 and cross referenced as CL01-0270, has the results blacked out thus concealing the results from any reader, including Gerald Durden, thus depriving him of discovery evidence which might be exculpatory.
- Laquvea Durden recanted her testimony to a friend after the trial but it would be best to get Ms Durden to sign an affidavit.
- The trial court ordered that hair samples under the control of the Harris County Medical Examiner laboratory be subjected to DNA analysis; they did not submit the hair samples for analysis, violating the court order. Analysis could have been exculpatory for Mr. Darden
- Emergency Room Doctor Clifford Mishaw acted as an agent of the state in collecting samples from Ms. Durden; he had completed his examination of her and subsequent harvesting of samples had no medical purpose and was not the practice of medicine.
- Dr. Mishaw deprived Gerald Durden of evidence of possible exculpatory value by failing to follow the established protocol for collecting material for a "rape kit". He failed to obtain combed head hair samples, pulled head hair samples, oral swabs and anal swabs. His rationale for doing so showed a definite prosecutorial bias in that he would expect to find material from Gerald Durden because he was the father and suspect, but he totally ignored the fact that had the samples come from someone else, it could be exculpatory.
- In my opinion, trial counsel did not adequately represent Gerald Durden by failing to have an expert review the discovery, failing to identify the concealed evidence (DNA results), and not eliciting the basic facts of what the DNA analysis signified.

7. I am not being reimbursed in any manner for rendering this opinion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30 day of April 2015 in San Diego, California.

_____

HARRY J. BONNELL, M.D.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

*Jurat*

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this 30 day of April 20 15 by Harry J. Bonnell

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature

(Notary seal)

JULIO SIMOES
COMM. #1960159
Notary Public-California
SAN DIEGO COUNTY
My Comm. Exp. DEC 9, 2015